# AFFIDAVIT

The STATE OF TEXAS

County of Bee

United States District Court
Southern District of Texas
FILED

MAR 02 2000

MICHAEL N. MILBY CLERK

C-00-098

Before me. The undersigned Authority, personally appeared Derrick Webster, who being duly sworn by me, deposed as follows: My name is Derrick Webster. I am of sound mind, capable of making this Affidavit and personally acquainted with the facts herein stated.

I am the Plaintiff, Derrick Webster, Attorney in Charge of this matter I filed this law suit based on Another inmate shooting me with a deadly weapon in my left shoulder while I was being escorted from medical by officer A. Garcia and officer R.C. Ybarra who witness the incident on the 9th day of February, 2000 8:45 AM 12-Building F-Pod. The inmate who shot me was M. Martinez who I've been complaining about sense June of 1998 in which shows on record as to officals writing incident Reports Medical Report on May 12, 1998 and Medical Report on May 11, 1999 well as Reporting each weapons to the wardan office. Therefore All incident Report including my complaints should have already came to an conclusion of investigating the matter as to Pretect my safety as an inmate. After submitting several I-60's and a grievance toward Major N. Jackson I was summand to his office to talk with him as to the matter after addressing my allegation around December, 1999 to Mr. Jackson he told me he would look into the matter then I was escorted back to my housing assignment. I submitted an complaint to W A. Hodge Asst. Wardan stating my Allegation as to the matter I ask if he would please moved me off F-Pod to avoid future matter I submitt my complaint to Mr. Hodge on the 3rd day of February I was then shot by M. Martinez on the 9th day of February, 2000 which 3 different officers did witness.

2.

It is on Record that I filed law suit against Asst. warden W A. Boothe and Capt. R. Crites which are no longer authority here in Administration Segregation in which The files of This matter concerning Martinez and I has been Addressed to The next Authority as a major incident. This left warden W. A. Hodge and Major N. Jackson in charge of Reading the files of this matter and taking Step to protect me from being harm by inmate M. Martinez. Because both W A. Hodge And N. Jackson ignored my Complaint I was shot for the 3rd time by M. Martinez causing great pain and lost of blood. The two defendants violated my Rights. Now the fact that 3 different officers did witness this incident After I was shot Asst. W A. Hodge finally held An life endanger investigation On The 11th day of February, 2000 which he and other officials Recommand for me to be transfered.

Attached hereto are A surray of The concern matter as to this law suit in support of my claim to the failure of the defendants action to the matter of cause.

_Dennek Webster_
AFFidAvit

Sworn to and subscribed before me on the ___17th___ day of ___February___, 2000

Brief legal issues

The Court more recent case, however have held that the Amendment proscribes more than physically barbarous punishments.

The Amendment embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency. Against which the Court must evaluate penal measures. For which the Court have held repugnant to the Eighth Amendment punishments which are incompatible with the evolving standards of decency that mark the progress of a maturing society, or which involve the unnecessary and wanton infliction of pain.

The law originally designed to protect states prisoners from barbarous treatment at the hands of their jailers, The Eight Amendment prohibition against cruel and unusual punishment has been expanded under the Due Process of the fourteenth Amendment to impose upon both federal and state correction officers and officials the obligation to take reasonable steps to protect inmates from violence at the hands of other inmates.

An inmate who is injured as a result of a prison officials deliberate indifference to his safety may maintain a damage action for the deprivation of his civil rights under the Eight and Fourteenth Amendments.

Hudson V. Palmer. 468 U.S. 517, 526-27; 104 S.Ct. 3194, 3200 82 L.Ed. 2d 393 (1984).

Whitley V. Albers, 475 U.S. 312, 106 S.Ct. 1078, 1084, 89 L.Ed. 2d 251 (1986).

Richardson V. Penfold, 839 F.2d 392, 395 7th Cir. 1988.

Anderson V. Gutschenritter, 836 F.2d 346, 349 7th Cir. 1988.

Derrick Webster, Plaintiff
Attorney in Charge