IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DERRICK WEBSTER | § | |
| | § | |
| v. | § | C.A. NO. 00-98 |
| | § | |
| N. JACKSON, ET AL. | § | |

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se* and *in forma pauperis*, plaintiff filed a civil rights complaint pursuant to 42 U.S.C § 1983, alleging constitutional violations.

Plaintiff has filed a motion requesting appointment of counsel (D.E. 14). In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Furthermore, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 352 (1996). It is within the Court's discretion to appoint counsel, 28 U.S.C. § 1915(e)(1), unless the case presents "exceptional circumstances," thus requiring the appointment. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Dep't, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. Plaintiff claims that prison employees were deliberately indifferent to his health and safety in failing to protect him from another inmate who repeatedly assaulted him by shooting spears at him. The Court recently reviewed plaintiff's claims pursuant to 28 U.S.C. § 1915A. The Court finds that the issues in this case are not so complex as to require the appointment of counsel.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present the case. Id. Plaintiff has filed his own motions up to this point, which have been satisfactory. He has cited relevant cases in support of his arguments, demonstrating a willingness and ability to use the law library. The Court finds that plaintiff is able to adequately investigate and present his own case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Id. The Court recently ordered service on the defendants, and they have not yet answered the complaint. The Court finds that it is too early to determine whether the testimony of the parties will conflict, and to what extent.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court notes that it has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.

The Court finds that at this time no "extraordinary circumstances" exist to warrant the appointment of counsel. Accordingly, plaintiff's motion for appointment of counsel (D.E. 14) is denied without prejudice. The Court will *sua sponte* reconsider its ruling as this case progresses and/or when deemed necessary to move this case toward final disposition.

ORDERED this 20 day of April, 2000.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

3