IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED
MAY 22 2000
MICHAEL N. MILBY, CLERK

| | |
|---|---|
| DERRICK WEBSTER, TDCJ #607073, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. CA NO. C-000-98 |
| § | |
| N. JACKSON, ET AL., § | |
| Defendants. § | |

### DEFENDANTS HODGE, JACKSON AND YBARRA'S ORIGINAL ANSWER, JURY DEMAND AND CONSENT TO PROCEED BEFORE MAGISTRATE

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

NOW COME Defendants Weldon Hodge, Norris Jackson and Rodney Ybarra, by and through the Office of the Attorney General for the State of Texas, and submits this Original Answer and Jury Demand. In support thereof, Defendants respectfully offer the following:

### ANSWER

1. Pursuant to Federal Rule of Civil Procedure 8(b), Defendants Hodge, Jackson and Ybarra deny each and every allegation contained in Plaintiff's Complaint except those expressly admitted herein.

2. Defendants admit that Plaintiff is an inmate confined in the custody of the Texas Department of Criminal Justice, Institutional Division.

3. Defendants admit that they were employees of the Texas Department of Criminal Justice, Institutional Division, at all times relevant to the allegations in Plaintiff's Complaint.

4. Defendants admit that the Texas Department of Criminal Justice, Institutional Division, is an Agency of the State of Texas.

5. Plaintiff has not stated a claim upon which relief can be granted under 42 U.S.C. §1983 or under any other statute, constitutional theory, or legal authority.

6. Defendants admit that causes of action may be stated under certain circumstances pursuant to 42 U.S.C. §1983 but deny that such circumstances are present in this case.

7. Defendants state that the statute of limitations may be a bar to Plaintiff's claims.

8. Defendants assert that any claim premised upon the law of negligence will not support a claim of constitutional dimension under 42 U.S.C. §1983.

9. Defendants assert that any claim premised upon the doctrine of *respondeat superior* will not support a claim of constitutional dimension under 42 U.S.C. §1983.

10. Defendants assert that a government official acting in his official capacity is not a "person" within the meaning of 42 U.S.C. §1983, and thus is not a proper party to a cause of action under said statute.

11. Defendants deny that they acted separately or in concert to engage in illegal conduct to injure Plaintiff.

12. Defendants deny that Plaintiff was deprived of any right, privilege or immunity granted or secured by the Constitution and/or laws of the United States.

13. Defendants deny that Plaintiff is entitled to injunctive, declaratory, or any other relief demanded in his complaint, and further deny that Plaintiff is entitled to damages, attorney's fees, or costs in any amount whatsoever.

14. Defendants assert that Plaintiff is demanding a change in the institutional policies of the Texas Department of Criminal Justice and deny that they have the authority to effect those changes.

15. Defendants state that at all times relevant to the allegations against them they acted in good faith and with a reasonable belief that their acts were in compliance with the laws and Constitution of the United States and they hereby claim their entitlement to a qualified, good faith immunity from suit.

16. Defendants hereby assert their Eleventh Amendment immunity to any claim for damages which may have been brought against them in their official capacities.

17. Defendants hereby assert their entitlement to official immunity to any claims brought against them under the Constitution and laws of the State of Texas.

18. Defendants assert that any force which may have been used was a privileged use of force and deny that the failed to protect Plaintiff in any way.

19. Defendants assert that attorney's fees are unavailable for any and all claims brought pursuant to the laws of the State of Texas.

20. Defendants assert that Plaintiff's amount of recovery, if any, under pendent state claims may be barred or limited by state law theories of comparative responsibility and/or contribution. Therefore, Defendants assert their entitlement to the affirmative defenses of contributory and comparative negligence, illegality, assumption of the risk, and estoppel for any negligence claims asserted against them and any other pendent state claims to which these defenses apply.

21. Defendants allege that this suit is frivolous and without merit and that as such they are entitled to recover from Plaintiff the amount of any attorneys fees and costs incurred in defending this suit. The Defendant seeks recovery from Plaintiff such attorneys fees and costs expended by them in being required to defend this suit.

GRR1/CASES/ANSWER YBARRA, JACKSON & HODGE            3

## DEFENDANT'S JURY DEMAND

Should trial be necessary in the foregoing cause of action, Defendants Hodge, Jackson and Ybarra respectfully demand a trial by jury.

## CONSENT TO PROCEED BEFORE MAGISTRATE

Defendants consent to proceed before a United States Magistrate Judge.

**WHEREFORE, PREMISES CONSIDERED**, Defendants Hodge, Jackson and Ybarra urge this Court to deny Plaintiff any and all relief demanded in his complaint and to grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SHANE PHELPS
Deputy Attorney General for Criminal Justice

LOUIS V. CARILLO
Assistant Attorney General
Chief, Law Enforcement Defense Division

_____
GERARD R. RAWLS
Assistant Attorney General
Attorney-In-Charge
State Bar No. 90001974
Admission No. 21616

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080
Fax No. (512) 495-9139
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, GERARD R. RAWLS, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendants Hodge, Jackson and Ybarra's Original Answer and Jury Demand** has been served by placing same in the United States Mail, postage prepaid, on this the 19th day of May 2000, addressed to:

| | |
|---|---|
| Derrick Webster, TDCJ #607073<br>McConnell Unit<br>3001 S. Emily Drive<br>Beeville, TX 78102 | *Via CM/RRR NO. Z 149 037 000* |

_____
GERARD R. RAWLS
Assistant Attorney General