**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

United States District Court
Southern District of Texas
FILED

JUN 2 6 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| *DERRICK WEBSTER, TDCJ #607073,* | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. CA NO. C-00-98** |
| | § | |
| *N. JACKSON, ET AL.,* | § | |
| **Defendants.** | § | |

**DEFENDANT GARCIA'S ORIGINAL ANSWER
AND JURY DEMAND**

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

COMES NOW Defendant Arturo Garcia, by and through his attorney, the Attorney General

for the State of Texas, and submits this his Original Answer and Jury Demand. In support thereof,

Defendant respectfully offers the following:

**I.**

**ANSWER**

1.      Defendant admits that Plaintiff is an inmate confined in the custody of the Texas Department

of Criminal Justice, Institutional Division.

2.      Defendant denies that he was an employee of the Texas Department of Criminal Justice,

Institutional Division, at the times relevant to the allegations in Plaintiff's Complaint.

3.      Defendant admits that the Texas Department of Criminal Justice, Institutional Division, is

an agency of the State of Texas.

4.      Pursuant to Federal Rule of Civil Procedure 8(b), and for the express purpose of requiring

Plaintiff to meet his burden of proof herein, Defendant denies each and every allegation contained

in Plaintiff's Complaint except those expressly admitted herein.

5.      Defendant contends that Plaintiff has not stated a claim of cruel and unusual punishment.

23.

6.      Defendant contends that Plaintiff has not stated a claim upon which relief can be granted under 42 U.S.C. § 1983 or under any other statute, constitutional theory, or legal authority.

7.      Defendant admits that causes of action may be stated under certain circumstances pursuant to 42 U.S.C. § 1983, but deny that such circumstances are present in this case.

8.      Defendant asserts that any claim premised upon the law of negligence will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

9.      Defendant asserts that any claim premised upon the doctrine of *respondeat superior* will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

10.     Defendant denies that he acted separately or in concert to engage in illegal conduct to injure Plaintiff.

11.     Defendant denies that Plaintiff was deprived of any right, privilege, or immunity granted or secured by the Constitution and/or laws of the United States.

12.     Defendant denies that he failed to protect Plaintiff in any way.

13.     Defendant denies that Plaintiff is entitled to injunctive, declaratory, or any other relief demanded in his complaint, and further deny that Plaintiff is entitled to damages, attorney's fees, or costs in any amount whatsoever.

14.     Defendant asserts that at all times relevant to his employment with TDCJ, he acted in his official capacity as an employee of TDCJ-ID and with the good-faith belief that his actions were proper under the constitution and laws of the United States and the State of Texas.  A government agent who does not violate clearly established law is entitled to qualified immunity from this suit. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727 (1982); *Gullatte v. Potts*, 654 F.2d 1007 (5th Cir. 1981); *Williams v. Kelly*, 624 F.2d 695, 697 (5th Cir. 1980).  *See Myers v. Adams*, 728 S.W.2d 771, 772 (Tex. 1987).

15.    Defendant hereby asserts his Eleventh Amendment immunity to any claim for damages which may have been brought against him in his official capacity.

16.    Defendant hereby asserts his entitlement to official immunity ("quasi-judicial" immunity), which shields him from being sued in his individual capacity under any state cause of action as his acts were discretionary and within the scope of his authority.  It is well settled under Texas law that public officers whose actions may be classified as "quasi-judicial" enjoy immunity from personal liability as long as they act in good faith and within the scope of their authority.  *Austin v. Hale*, 711 S.W.2d 64, 66 (Tex. App. — Waco 1986, *no writ*); *Augustine v. Nusom*, 671 S.W.2d 112.115 (Tex. App. — Houston [14th Dist] 1984, *writ ref'd n.r.e.*).  Moreover, Plaintiff has pled no facts to indicate that Defendant does not enjoy quasi-judicial immunity in this case.

17.    Defendant asserts that Plaintiff's amount of recovery, if any, under pendent state claims may be barred or limited by state law theories of comparative responsibility and/or contribution. Therefore, Defendant asserts his entitlement to the affirmative defenses of contributory and comparative negligence, illegality, assumption of the risk, and estoppel for any negligence claims asserted against them and any other pendent state claims to which these defenses apply.

18.    Defendant asserts the affirmative defense of Statute of Limitations pursuant to Federal Rule of Civil Procedure 8(c).

19.    Defendant asserts that this suit is frivolous and without merit and that as such he is entitled to recover from Plaintiff the amount of any attorneys fees, pursuant to 42 U.S.C. § 1988, and costs incurred in defending this suit.  Defendant seeks recovery from Plaintiff such attorneys fees and costs expended by him in being required to defend this suit.

## II.

## DEFENDANT'S JURY DEMAND

Should trial be necessary in the foregoing cause of action, Defendant Garcia respectfully demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Garcia urges this Court to deny Plaintiff any and all relief demanded in his complaint and to grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General
For Criminal Justice

LOUIS V. CARRILLO
Assistant Attorney General
Chief, Law Enforcement Defense Division

GERARD R. RAWLS
Assistant Attorney General
Attorney-in-Charge
State Bar No. 90001974
Admission No. 21616

P. O. Box 12548, Capitol Station
Austin, Texas  78711
Phone No. (512) 463-2080
Fax No.    (512) 495-9139

ATTORNEYS FOR DEFENDANT GARCIA

# CERTIFICATE OF SERVICE

I, GERARD R. RAWLS, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendant Garcia's Original Answer and Jury Demand** has been served by placing same in the United States Mail, postage prepaid, on this the 23rd day of June 2000, addressed to:

Derrick Webster, TDCJ #607073
McConnell Unit
3001 S. Emily Drive
Beeville, TX 78102

*Via CM/RRR NO. P 329 149 327*

GERARD R. RAWLS
Assistant Attorney General