United States District Court
Southern District of Texas
ENTERED

JUL 1 2 2000

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DERRICK WEBSTER | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. C-00-98 |
| | § | |
| N. JACKSON, ET. AL. | § | |

## ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, and is currently incarcerated at the Michael Unit in Tennessee Colony, Texas. Proceeding *pro se* and *in forma pauperis,* plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants failed to protect him from an assault at the hands of another inmate. Pending is plaintiff's second motion for appointment of counsel (D.E. 25).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library or other forms of legal assistance. Bounds, 97 S. Ct. 1491, 1498-99 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. The Court finds that this case is not complex. According to plaintiff, the defendants were aware that he was in danger of being assaulted, and were deliberately indifferent to this risk.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present the case. Plaintiff's pleadings demonstrate he is of average intelligence and the court believes he can adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. It would be premature at this point to make any finding on this factor, as the time for filing dispositive motions has not yet passed.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court notes that it has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E.#25) is denied without prejudice at this time. The Court will sua sponte reconsider its ruling as this case progresses and/or when deemed necessary to move this case toward final disposition.

ORDERED this 7 day of July, 2000.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE