# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

| | |
|---|---|
| *DERRICK WEBSTER, TDCJ #607073,* § | FEB 2 3 2001 |
| **Plaintiff,** § | |
| § | **MICHAEL N. MILBY, CLERK** |
| **v.** § | Civil Action No. CA NO. C-00-98 |
| § | |
| *N. JACKSON, ET AL.,* § | |
| **Defendants.** § | |

## PRETRIAL ORDER

### 1. STATEMENT OF THE CASE AND CONTENTION OF THE PARTIES

Plaintiff is an inmate incarcerated in the McConnell Unit of the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID). Plaintiff was incarcerated at the McConnell Unit at the time of the incident in question. Plaintiff has brought this cause of action against Defendants alleging a violation of his civil rights. Specifically, Plaintiff claims that the Defendants failed to protect him .

Defendants deny all allegations asserted by Plaintiff.

#### Plaintiff's Contentions:

Plaintiff contends that on February 2, 1999, he was assaulted by another inmate named Miguel Martinez. Plaintiff alleges that he told Defendants Hodge and Jackson about threats from Miguel Martinez prior to his being assaulted by Martinez. Plaintiff claims that Defendants Hodge and Jackson ignored his plea for protection. Plaintiff contends that Defendants Ybarra and Garcia failed to protect him after he told them that Martinez was going to attack him during an escort into Plaintiff's housing area. Plaintiff claims that Miguel Martinez speared him after he told Defendants Ybarra and Garcia that Martinez was going to attack him.

## Defendants' Contentions:

Defendants Hodge and Jackson contend that they did not fail to protect Plaintiff from Miguel Martinez. The contend that the incident was handled by Lt. Oralia Garcia through her investigation on October 29, 1999. Defendant's Hodge and Jackson contend that the situation was resolved by Lt. Garcia's investigation. Defendants Ybarra and Garcia contend that they did everything possible to ensure that Plaintiff would not get speared after Plaintiff told them that Martinez was attempting to assault him.

## 2. LIST OF WITNESSES

1.    Rodney Ybarra, COIII, McConnell Unit, Beeville, Texas;

2.    Antonio Garcia, McConnell Unit, Beeville, Texas;

3.    Warden Hodge, McConnell Unit, Beeville, Texas;

4.    Major Jackson, McConnell Unit, Beeville, Texas;

5.    Sgt. Oralia Garcia, Segovia Unit, Edinburg, Texas;

6.    Lt. Darren Wallace, McConnell Unit, Beeville, Texas;

7.    Sgt. De La Rosa, McConnell Unit, Beeville, Texas;

8.    Sgt. Juan Garza, McConnell Unit, Beeville, Texas;

9.    Elisa Marek, IAD, McConnell Unit, Beeville, Texas;

10.   Plaintiff and all of Plaintiff's witnesses.

## 3. PROPOSED VOIR DIRE

Defendants in the above styled and numbered cause requests that the following questions be asked of the jury panel, in the same or substantially similar wording:

1. Have you or any members of your family or close friends ever had any dealings with the Office of the Attorney General, or have you or any relatives or close friends ever worked for the

Office of the Attorney General or been involved in a lawsuit in which one side was represented by the Office of the Attorney General?

2. Have you or members of your family or close friends ever sued the State of Texas, an agency of the State or any employees of the State? (If yes, give details).

3. Have you, your family members or close friends ever been a plaintiff in a lawsuit for any reason? (If yes, give details).

4. Do you know, or have you, your family members, or close friends, ever had any dealings whatsoever with any of these individuals? (Plaintiff, Defendants and parties witnesses)

5. Some of the witnesses are correctional officers. Would any of you be less inclined to credit the testimony of a correctional officer simply because of his position?

6. Have you, your family members or close friends ever been arrested? Did the arrested person feel that they had been unfairly treated during or after the arrest? Was the arrested person placed in jail or prison? If so, did he or she feel that he or she had been mistreated by the guards or other inmates?

7. Have your or your family members or close friends ever been assaulted or injured when the victims felt that someone had a duty to protect him or her?

8. Are any of you, your family members, or close friends, lawyers or law students, or have any of ever studied law in the past? (If yes, explain type of practice or law study).

9. Have any of you, your family members or close friends ever been a witness to, victim of, or detained, or arrested for any crime? (Would your experience affect your ability to be a fair and impartial juror in this case?).

10. Have any of you ever sat on a jury in a civil trial?

11.  Do any of you feel that just because a person is injured during an incident, mentally or physically, that someone else must be at fault?

12.  Has anyone formed or expressed an opinion that a plaintiff generally or this plaintiff should recover from the defendant?

13.  Do any members of the panel belong to any organization which has as one of its goals the protection of civil rights?  Would this affiliation make you more likely to favor the plaintiff if he says his civil rights were violated?

14.  Have any of you, your family members or close personal friends ever filed a claim or complaint or are planning to file a claim or complaint concerning discrimination or violation of your civil rights?

15.  Have any of you, your family members or close personal friends participated in a prison outreach or prison ministry organization?

16.  Based on everything you now know about the case, have you formed an opinion as to the plaintiff's right to recover against the defendant, or do you feel that there is any reason why you cannot render a fair and impartial verdict based solely on the evidence you hear at trial and the law as I instruct you in it, and without regard to passion, prejudice or sympathy? (If yes, approach the bench and explain).

## 4. PROPOSED JURY INSTRUCTIONS

### Instruction No.____

In this case the Plaintiff claims damages alleged to have been sustained by him as the result of a deprivation, under color of state law, of rights secured to the Plaintiff both by the Constitution of the United States and by Act of Congress providing for equal rights of all persons within the jurisdiction of the United States.

Specifically, the Plaintiff alleges that, while Defendants were acting under color of authority of the State of Texas as correctional officers of the Texas Department of Criminal Justice, Institutional Division, formerly the Texas Department of Corrections, they denied Plaintiff of rights and privileges secured to him by the Constitution and laws of the United States, namely, he alleges he was denied his right to be free from cruel and unusual punishment.

You are instructed that Section 1983 of Title 42 of the United States Code provides that any citizen may seek redress in this Court by way of damages against any person who, under color of any State law or custom, subjects such citizen to the deprivation of any rights, privileges, or immunity secured or protected by the Constitution or laws of the United States.

Plaintiff's right to prosecute this suit raising his allegations against these particular Defendants is secured by 42 U.S.C. § 1983, one of the Civil Rights Acts enacted by Congress to enforce the Fourteenth Amendment, which reads in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action in law, suit in equity, or other proper proceedings for redress.

You are hereby instructed that at all relevant times Defendants acted in their official capacity as agents for the State of Texas and accordingly under color of State law.

## Use of Force

## Instruction No.___

Plaintiff has alleged that Defendants used unreasonable physical force against him in that the degree of force used was unnecessary. Defendants deny this allegation. In evaluating this claim you must consider all of the circumstances surrounding the use of force.

By reasonable force, I do not mean that you should draw fine, exact lines. A prison is not a social gathering. The use of force must be considered in light of all existing circumstances from the viewpoint of the officers. The management by a few prison officials of large number of prisoners may require and justify the use of intentional force. A correctional officer has a duty to use such force as he reasonably believes is necessary to keep order in a prison or quell a disturbance or potential disturbance. Whether the prison disturbance is a riot or a lesser disruption, correctional officers are allowed to balance the need to maintain or restore discipline through force against the risk of injury to a particular inmate or group of inmates. A correctional officer would be crippled in the exercise of his lawful duties if he had to suffer a lawsuit every time he used force to subdue an unruly inmate. The law does not allow an inmate to prevail on a lawsuit merely because force was used against the inmate. I instruct you that the Plaintiff must show you that the officer used excessive force, excessive to the degree that a reasonable officer would realize, in the heat of the moment and on the facts as they appeared to him when he acted, that the use of force was excessive.

42 U.S.C. § 1983 is not a general negligence statute; it does not grant a cause of action for every injury wrongfully inflicted by a state officer. In the prison security context, excessive force is justified and not actionable unless the inmate can demonstrate malicious and sadistic acts specifically intended to cause the inmate harm. The Constitution does not protect from every minor wrong, but only against the intentionally malicious and sadistic infliction of excessive force.

In order for the Plaintiff to establish that Defendants violated Plaintiff's rights, the Plaintiff must prove by a preponderance of the evidence that any force used was not applied in a good faith effort to maintain or restore security. The Plaintiff must prove that the force was applied maliciously and sadistically for the very purpose of causing harm.

GRR1/CASES/WEBSTER v JACKSON/pto/Page 6

In determining whether the use of force was malicious and sadistic, you must consider several factors. You must consider the need for the application of force and whether the force used was excessive to the need for force. You must also consider whether the prison officials reasonably believed Plaintiff constituted a threat to himself, to others, or to the security of the prison or could have constituted such a threat if force were not used in a timely manner. You may also draw inferences from the severity of Plaintiff's injuries, or lack thereof, and the consistency of the injuries with the facts as alleged by Plaintiff.

However, to determine whether Defendants applied force to the Plaintiff in a malicious and sadistic manner for the purpose of causing harm, you must subjectively analyze the Defendants' intent and state of mind. For the Defendants to have applied force maliciously and sadistically, they must have used force due only to a grudge, ill will, or spite against the inmate and with the intention to cause harm to the inmate. If the Defendants applied force in a good faith effort to maintain or restore discipline, then they did not violate Plaintiff's constitutional right to be free from cruel and unusual punishment. In making this determination, you must accord prison officials wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline within a prison.

Also, you must look at the use of force from the perspective of the Defendants. Even if the actions of the officer is determined by hindsight to have been mistaken or even wrong, the officer did not violate the inmate's rights if the officer could have believed under the circumstances presented at the time and the heat of the moment that the force was necessary.

*Hudson v. McMillian,* 503 U.S. 1, 112 S. Ct. 995 (1992).

**Qualified Immunity**

**Instruction No.___**

If you find that Plaintiff has proven his claims, then you must consider whether Defendants acted with qualified immunity. Qualified immunity shields a public employee from liability for damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. A public employee should not be punished for performing his functions if such actions were reasonable under the circumstances. Without such assurances, public employees would be unable to make decisions that are necessary to accomplish the public's business.

As correctional officers, Defendants are public employees. Correctional officers are presumed to know about the basic, unquestioned constitutional rights of inmates. Thus Plaintiff need not prove that the Defendants acted with specific knowledge of the particular right that was violated.

In this case, Defendants claim that they are entitled to qualified immunity because their actions were objectively reasonable. The burden is on Plaintiff to overcome the Defendants' defense of qualified immunity. To do so, Plaintiff must show that the Defendants' conduct was not objectively reasonable under the circumstances. Qualified immunity would be defeated if a public employee knew or reasonably should have known that the action they took within their sphere of official responsibility would violate the constitutional rights of the Plaintiff, or if they took the action with the malicious intention to cause a deprivation of constitutional rights or other injury.

*Harlow v. Fitzgerald,* 457 U.S. 800, 102 S. CT. 2727 (1982).

## Qualified Immunity

## Instruction No.___

If you find that Plaintiff has proven his claims, then you must consider whether Defendants acted with qualified immunity. Qualified immunity shields a public employee from liability for damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. A public employee should not be punished for performing his functions if such actions were reasonable under the circumstances. Without such assurances, public employees would be unable to make decisions that are necessary to accomplish the public's business.

As correctional officers, Defendants are public employees. Correctional officers are presumed to know about the basic, unquestioned constitutional rights of inmates. Thus Plaintiff need not prove that the Defendants acted with specific knowledge of the particular right that was violated.

In this case, Defendants claim that they are entitled to qualified immunity because their actions were objectively reasonable. The burden is on Plaintiff to overcome the Defendants' defense of qualified immunity. To do so, Plaintiff must show that the Defendants' conduct was not objectively reasonable under the circumstances. Qualified immunity would be defeated if a public employee knew or reasonably should have known that the action they took within their sphere of official responsibility would violate the constitutional rights of the Plaintiff, or if they took the action with the malicious intention to cause a deprivation of constitutional rights or other injury.

*Harlow v. Fitzgerald,* 457 U.S. 800, 102 S. CT. 2727 (1982).

*Mitchell v. Forsyth*, 472 U.S. 511, 105 S. CT. 2806 (1985).

*Anderson v. Creighton*, 483 U.S. 635, 107 S. Ct. 3034 (1987).

## Prison Environment

### Instruction No.___

It is important that in your deliberation you be aware that this action arises in a prison institution. All inmates assigned to the Texas Department of Criminal Justice, Institutional Division are convicted felons. In view of the unique nature of the prison environment, prison officials, such as the Defendants, are given broad discretion to maintain the security, order and discipline of the prison and broad deference must be given to their management decisions. State penitentiaries are occupied by convicted felons, either ineligible for or found to be unworthy of release into society. By its very nature, the operation of such a prison is a dangerous task. The reasonableness of the Defendants' actions must be determined against the backdrop of the prison environment.

*Hudson v. Palmer*, 468 U.S. 517, 526, 104 S. Ct. 3194, 3200 (1984).

*Woods v. Smith,* 60 F.3d 1161 (5th Cir. 1995).

## Rule Violation

## Instruction No.___

You are hereby instructed that even if the Plaintiff can demonstrate that a Defendant acted in violation of an administrative rule or regulation established by prison authorities, such violation alone does not constitute a violation of 42 U.S.C. § 1983 sufficient for the Plaintiff to prevail. The Plaintiff must prove that his federal constitutional right to be free from cruel and unusual punishment was violated; a violation of a rule or regulation does not entitle Plaintiff to a favorable judgment. *Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993).

## 5. EXHIBIT LIST

| No. | Description | Identified By: | Admitted | Restrictions |
|-----|-------------|----------------|----------|--------------|
| 1 | Relevant portions of Plaintiff's TDCJ-ID Medical Records. | Defendants | | |
| 2 | Internal Affairs Division Criminal Case 00-1042 | Defendants | | |
| 3 | EAC report I-11429-10-00. | Defendants | | |
| 4 | Relevant Portions of Plaintiff's Classification records. | Defendants | | |
| 5 | I-60 No record affidavit. | Defendants | | |

## 6. BRIEFS ON LEGAL ISSUES

None

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

MICHAEL T. MCCAUL
Deputy Attorney General for Criminal Justice

PHILLIP E. MARRUS
Assistant Attorney General
Chief, Law Enforcement Defense Division

GERARD R. RAWLS
Assistant Attorney General
State Bar No. 90001974
Southern District No. 21616

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080
Fax No. (512) 495-9139

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I, Seth Byron Dennis, Assistant Attorney General of Texas, do hereby certify that a true and

correct copy of the above and foregoing **Pre-trial Order** has been served by placing same in the

United States mail on this the 21st day of February, 2001, addressed to:

**Derrick Webster-TDCJ # 607073**
Michael  Correctional Unit
P O Box 4500
Tennessee Colony, Texas 75886

GERARD R. RAWLS
Assistant Attorney General